## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DAVID J. RUDOMETKIN,

　　　　Plaintiff,

　　v.

UNITED STATES OF AMERICA,

　　　　Defendant.

Civil Action No. 20-cv-2687 (TSC)

## MEMORANDUM OPINION

Defendant in this FOIA case has supplemented the record with respect to the search and certain withheld information and renewed its motion for summary judgment. *See* Mem. Op. and Order ("Mem. Op. 1"), ECF No 43 (granting partial summary judgment). Plaintiff has cross-moved for summary judgment. For the reasons explained below, Defendant's motion will be GRANTED, and Plaintiff's motion will be DENIED.

### A.  Adequacy of the Search

Defendant has now produced sufficient evidence to enable an examination of its search for responsive records. *See* Mem. Op. 1 at 5-6 (finding no factual record to support summary judgment). Plaintiff had requested from the Office of the Secretary of Defense (OSD) "copies of any communications concerning the nomination, selection, and appointment of [Colonel] Douglas K. Watkins to the Chief Trial Judge of the Military Commissions Trial Judiciary." Mem. Op. 1 at 1. In Defendant's supplemental

1

declaration, Associate Deputy General Counsel Mark H. Herrington explains the process that resulted in Colonel Watkins' selection and describes the search performed by the attorney who was "involved in the entire process" and "had access to the locations of all the documents related to [Plaintiff's] request."  Second Herrington Decl., ECF No. 48-3 ¶ 5.  The documents "were stored in the shared drive of electronic records in [the] Office of General Counsel ["OGC"] in a folder" under the attorney's name and "in his email account."  *Id.*  The attorney's search "for items identified as relating to the Chief Judge and Colonel Watkins," *id.*, located the records that were released to Plaintiff on May 3, 2021.  *See* Mem. Op. 1 at 3.  Herrington attests that the released records "encompassed all records responsive to Plaintiff's request within the Office of the Secretary of Defense."  *Id.*

Plaintiff disputes neither the description of the search nor its reasonableness given "the very specific nature of the [FOIA] request and the singular location where the documents were held."  Def.'s Renewed Mot. for Summ. J., ECF No. 48 at 3; *see generally* Pl.'s Reply to Def's Counsel (Mr. Herrington) Decl. and Cross Mot. for Summ. J. ("Pl.'s Opp'n"), ECF No. 51.  Therefore, the court will grant Defendant's motion on its defense of the search.

### B.  Improper Withholdings

The court concluded that Defendant had improperly withheld certain information under FOIA Exemption 5 based on the deliberative process privilege and the attorney-client privilege.  Mem. Op. 1 at 8-11.  In response, Defendant has released to Plaintiff all the Bates pages listed in the Vaughn Index as Documents 2, 9 and duplicate Document 30, *see* Second Herrington Decl. ¶ 6, the partial releases of which were found

to be improper, *see* Mem. Op. at 9-10.  In addition, Defendant has withdrawn "its assertion of attorney-client privilege as to any records but maintains that the relevant emails and memoranda from OGC attorneys and the Secretary remain pre-decisional deliberative process privileged[.]"  Second Herrington Decl. ¶ 7; *see also id.* ¶ 10 (explaining that "the emails and memoranda are also deliberative, as they represent the opinions, advice, analysis and recommendations conveyed by senior government attorneys during the decision-making process").  Herrington notes that the court previously approved all other Exemption 5 redactions as deliberative process material, *id.* ¶¶ 8-10 (citing Mem. Op. 1 at 7-9), and accounts for the remaining documents containing Exemption 5 redactions, *see id.* ¶ 9.  The withheld material consists of "the direct recommendations from subordinates to either the Office of General Counsel or Secretary of Defense," pre-decisional "draft copies of those deliberative documents," and duplicate pages.  Def.'s Mot. at 4-6 (citing Second Herrington Decl. ¶ 9(C), 9(D), 9(E), 9(G)); *see* Vaughn Index, Docs. 3, 5, 6, 11, 12, 13, 14-19, 21, 23, 24, 26.

Plaintiff "challenges all of [Defendant's] Exemption 5 privilege as improper under the FOIA Improvement Act." Pl.'s Opp'n at 1.  In addition, Plaintiff "raises a colorable claim there is evidence of government misconduct in the nomination and selection" of Colonel Watkins as Chief Judge "that merits records being un-redacted and fully disclosed."  Pl.'s Opp'n at 1. Plaintiff's claims, discussed next in reverse order, are unavailing.

### 1. Misconduct Claim

Plaintiff premises his cross-motion for summary judgment on the alleged misconduct.  *See* Opp'n and Cross-Mot. at 3-5, citing Decl. of David J. Rudometkin,

ECF No. 51-1.  But as concluded previously, the misconduct allegation is irrelevant to the Exemption 5 analysis.  *See* Mem. Op. 1 at 8-9.  The privilege cases upon which Plaintiff relies, *see* Opp'n at 3-4, are inapposite because they are not FOIA cases.  In one such case, the D.C. Circuit crystallized the distinction, noting that the need "characteristic of the deliberative process privilege is not an issue in FOIA cases because the courts have held that the particular purpose for which a FOIA plaintiff seeks information is not relevant in determining whether FOIA requires disclosure."  *In re Sealed Case*, 121 F.3d 729, 738, n.5 (D.C. Cir. 1997).

### 2.  FOIA Improvement Act

In 2016, Congress enacted the FOIA Improvement Act "in part out of concerns that some agencies were overusing FOIA exemptions that allow, but do not require, information to be withheld from disclosure."  *Reps. Comm. for Freedom of the Press v. Fed. Bureau of Investigation*, 3 F.4th 350, 369 (D.C. Cir. 2021) (citations and alterations omitted).  Congress "was particularly concerned with increasing agency overuse and abuse of Exemption 5 and the deliberative process privilege."  *Id*. Therefore, "Congress added the distinct foreseeable harm requirement to foreclose the withholding of material unless the agency can articulate both the nature of the harm from release and the link between the specified harm and specific information contained in the material withheld."  *Id.*

Consequently, for requests submitted after June 30, 2016, *id*. at 358, an agency may withhold information under a FOIA exemption only if it "reasonably foresees that disclosure would harm an interest protected by an exemption" or if "disclosure is prohibited by law[.]"  5 U.S.C. § 552(a)(8)(A).  An agency cannot rely on "mere

'speculative or abstract fears,' or fear of embarrassment," nor can it satisfy its burden with "generalized assertions[.]" *Reps. Comm. for Freedom of the Press*, 3 F.4th at 369 (citation omitted).

Herrington attests that "it is reasonably foreseeable that disclosure" of the redacted recommendations "would harm the full and free discussion of the nomination within the agency" since it "is the record of recommendations from the Judge Advocate General of each of the military services." Second Herrington Decl. ¶ 11; *see accord* Mem. Op. 1 at 8 (citing Defendant's attestation of foreseeable harm). Herrington adds that if such information is "made public and conflicted with the ultimate decision, those officers could suffer negative impacts on their ability to lead and their careers." *Id.*

Focusing on the latter, Plaintiff posits that no harm could come from the release of "discussions made over four years ago . . . about officers who have since retired, about a 4 year old agency decision." Pl.'s Opp'n at 2-3. But Defendant has sufficiently articulated "[a] link between the specified harm," *i.e.*, the chilling of candid discussions about future candidates, and the withheld information, *i.e.*, the officers' solicited recommendations as part of the decision-making process. *Reps. Comm. for Freedom of the Press*, 3 F.4th 350 at 371; *see accord* Mem. Op. 1 at 8. In other words, Defendant has "specifically focused on the *information* at issue" and reasonably explained how "disclosure of that *information* would chill future internal discussions." *Machado Amadis v. United States Dep't of State*, 971 F.3d 364, 371 (D.C. Cir. 2020) (internal quotation marks omitted) (emphases added)). And the "chilling of candid advice is

exactly what the [deliberative process] privilege seeks to prevent."[1]  *Id*.

### C.  Record Segregability

An agency must disclose "[a]ny reasonably segregable portion" of an otherwise exempt record. 5 U.S.C. § 552(b).  While an agency is presumed to have complied with its obligation to disclose non-exempt portions of the record, a "district court must make specific findings of segregability regarding the documents to be withheld."  *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1116 (D.C. Cir. 2007).  The D.C. Circuit "has long recognized . . . that documents may be withheld in their entirety when nonexempt portions "'are inextricably intertwined with exempt portions.'"  *Juarez v. Dep't of Just.*, 518 F.3d 54, 61 (D.C. Cir. 2008) (quoting *Mead Data Central, Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260(D.C. Cir. 1977)).

Initially, Herrington attested to having "conducted a page-by-page and line-by-line review" of all responsive documents and finding "no further reasonably segregable information" with respect to Exemptions 5 and 6.  First Herrington Decl. ("Herrington Decl.") ¶ 13, ECF No. 21-3.  In the supplemental declaration, Herrington attests to having conducted a "line by line" review of the current documents and redacting the deliberative process material.  Second Herrington Decl. ¶ 12; *see id*. ¶ 7 ("All deliberative process documents were redacted to remove only the exempted portions.").  Herrington explains that in certain documents such as "the action memo with recommendations from the General Counsel to the Secretary," deliberative process

---

[1]  Plaintiff states "[g]iven that no statute prevents the disclosure of the DoD General Counsel routing sheets, information memos, such as document 21, or emails, the remaining issue is whether" Defendant has satisfied the foreseeable harm requirement.  Pl.'s Opp'n at 2 (parenthesis omitted).  The statement, to the extent intelligible, presents no genuine issue of material fact with respect to the Exemption 5 withholdings.

information "was withheld practically in full because the recommendations could not be separated from the non-exempt portion of the record." *Id*. ¶ 12; *see* Herrington Decl. ¶ 8 (redacted material encompassed "substance of the actual nominations and accompanying advice and recommendations").  In addition to those "heavily redacted" documents, Defendant has withheld in full only unsigned draft versions of deliberative documents containing "edits and notes."  Second Herrington Decl. ¶¶ 7, 10.  Defendant has shown "with reasonable specificity" why those responsive documents could not "be further segregated," *Armstrong v. Executive Office of the President*, 97 F.3d 575, 578 (D.C. Cir. 1996), and the Exemption 6 withholdings of third-party identifying information are  minimal and properly justified.  Therefore, the court finds that all reasonably segregable non-exempt information has been disclosed to Plaintiff.

## CONCLUSION

For the foregoing reasons, the court concludes that no genuine dispute remains and that Defendant, having now fully complied with the FOIA, is entitled to judgment as a matter of law.  A separate order accompanies this memorandum opinion.


Date:  July 26, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge